UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICQUOLETTE PARKER                    CIVIL ACTION

VERSUS                                NO: 23-2010

BARRIERE CONSTRUCTION
CO., LLC                              SECTION: "H"

## ORDER AND REASONS

Before the Court is Defendants' Motion for Partial Summary Judgment or Alternatively Motion in Limine (Doc. 48). For the following reasons, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

This case arises out of a motor vehicle accident that occurred on August 17, 2022, between Plaintiff Nicquolette Parker and Ryan Bishop, an employee of Defendant Barriere Construction Company. Plaintiff was driving a 2022 Toyota Tacoma and stopped at a red light with DPJ, her minor child, in the vehicle when she was rear-ended by a "scoop truck" driven by Bishop. Plaintiff asserts negligence claims arising out of the incident against Defendants Liberty Mutual Insurance Company, the alleged liability insurance provider, and Barriere Construction Company, LLC.

Now before the Court is Defendants' Motion for Partial Summary Judgment on Plaintiff's lost wages and loss of earning capacity claims.

1

Alternatively, Defendants seek to exclude expert Dan Cliffe's future wage calculations as "fundamentally unsupported."[1] Plaintiff opposes.[2]

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[4] Nevertheless, a dispute about a material fact is "genuine" such that summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[6] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[7] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[8]

"In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the

---

[1] Doc. 48-2 at 9–10.

[2] Doc. 60.

[3] FED. R. CIV. P. 56.

[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[5] Id. at 248.

[6] Coleman v. Hous. Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).

[7] Engstrom v. First Nat'l Bank, 47 F.3d 1459, 1462 (5th Cir. 1995).

[8] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[9] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[10] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[11]

## LAW AND ANALYSIS

Plaintiff asserts claims for past and future loss of income and loss of earning capacity.[12] Defendants, however, argue that "Plaintiff has not brought forth any evidence that could support a past lost wage claim or a future loss of earnings capacity claim."[13] The Court considers whether summary judgment is warranted with respect to each of Plaintiff's claims.

### 1. Past Lost Wages

"As to past lost wages, the plaintiff has the burden of proving the time missed from work as a result of the injury."[14] A plaintiff must also establish a causal connection between the disability and injury.[15] "That evidence may

---

[9] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[10] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[11] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[12] Louisiana courts generally use the terms future loss of income and loss of earning capacity interchangeably. *See, e.g.*, Harris v. United Agents Ins. Co. of La., 784 So. 2d 132, 133 (La. App. 3d Cir. 2001); Graham v. Offshore Specialty Fabricators, Inc., 37 So. 3d 1002, 1016 (La. App. 1st Cir. 2010). Loss of earning capacity is, however, distinguishable from past lost wages. Finnie v. Vallee, 620 So. 2d 897, 900 (La. App. 4th Cir. 1993).

[13] Doc. 48 at 1.

[14] Rathey v. Priority EMS, Inc., 894 So. 2d 438, 471 (La. App. 4th Cir. 2005) (citing Reichert v. Bertucci, 684 So. 2d 1041, 1044 (La. App. 4th Cir. 1996)).

[15] *Id.* at 472.

consist of financial records like payroll records, W-2's, tax records, and bank statements."[16] Or the evidence "may consist only of plaintiff's testimony if considered credible by the trier of fact."[17] Ultimately, a past lost wages claim "need not be proved with mathematical certainty, but only by such proof as reasonably establishes a plaintiff's claim."[18]

Defendants argue that Plaintiff's claim for past lost wages should be dismissed because her "own testimony confirms that she remained fully employed with no change in income."[19] Defendants do not, however, cite to any summary judgment evidence in support of this argument. Reading the excerpts from Plaintiff's deposition attached to the instant motion in a light most favorable to her, the Court finds that Defendants have failed to carry their burden in showing the absence of a material issue of fact with respect to Plaintiff's past lost wages claim.[20]

Indeed, in her opposition memorandum, Plaintiff argues that genuine issues of material fact remain, citing among other evidence to her deposition testimony.[21] When asked if she missed "any time from work because of the accident we're here about today," Plaintiff responded "Yes."[22] Because Plaintiff's past lost wages claim may be properly supported solely by her own testimony—if found credible by a jury,[23] the Court finds that issues of material

---

[16] Durant v. Gretna City, No. 19-147, 2021 WL 3854857, at *5 (E.D. La. Aug. 27, 2021) (citing Gygax v. Brugoto, 646 So. 2d 1236, 1241 (La App. 4th Cir. 1994)).

[17] Veazey v. State Farm Mut. Auto Ins., 587 So. 2d 5, 7 (La. App. 3d Cir. 1991) (citing Ainsworth v. State Farm Ins. Co., 399 So. 2d 1242 (La. App. 3d Cir. 1981)).

[18] Green v. Superior Oil Co., 441 So. 2d 54, 56 (La. App. 3d Cir. 1983).

[19] Doc. 48-2 at 9.

[20] See Doc. 48-3 at 5 (Plaintiff answering that she does not "know how much paid time off [she's] had to take or sick leave [she's] had to take related to" the August 2022 accident).

[21] See Doc Doc. 60-2 at 4–8, 19.

[22] Doc. 60-2 at 5. Plaintiff, however, testified that she would have to review her timecard to provide "an approximation of days" she had to miss work because of the August 2022 accident. *Id.* at 6.

[23] *Veazey*, 587 So. 2d at 7 (citing *Ainsworth*, 399 So. 2d 1242).

fact remain. Accordingly, summary judgment on Plaintiff's past lost wages claim is denied.

### 2. Future Lost Wages and Earning Capacity

"In order to obtain an award for impaired earning capacity (or future loss of wages) and for future medical expenses, a claimant must present medical evidence which at least indicates there could be a residual disability causally related to the accident."[24] "Lay testimony simply serves to complement and corroborate the medical evidence."[25] "Future loss of earnings is inherently speculative, and must be proved with a reasonable degree of certainty; purely conjectural or uncertain future loss earnings will not be allowed."[26] At trial, Plaintiff bears the burden of proving the loss of wages and earning capacity "not with mathematical certainty, but with reasonable certainty."[27]

Defendants aver that Plaintiff offers no medical evidence that "she has been totally or partially prevented from performing her job duties due to her alleged injuries."[28] Defendants point to Plaintiff's deposition testimony that, while her injuries cause her to experience pain while driving, no physician has placed any work restrictions on her.[29] Defendants also aver that Plaintiff's medical records corroborate this testimony and are devoid of any finding of residual disability. Thus, absent any medical evidence that Plaintiff will be unable to work or have any residual disability limiting her ability to work,

---

[24] Bize v. Boyer, 408 So. 2d 1309, 1311–12 (La. 1982).

[25] Id. at 1312.

[26] Young v. La. Med. Mut. Ins. Co., 725 So. 3d 539, 544 (La. App. 5th Cir. 1998) (citing Bowens v. Patterson, 716 So. 3d 69 (La. App. 3d Cir. 1998); Teague v. Barnes, 519 So. 2d 817 (La. App. 5th Cir. 1988)).

[27] Id.

[28] Doc. 48-2 at 7.

[29] Id. at 2 (citing Doc. 48-3 at 6–8). In an affidavit attached to her opposition memorandum, "Plaintiff admits that no physician has placed any work restrictions on her . . . ." Doc. 60-1 at 2.

Defendants have carried their burden in showing the absence of a material issue of fact with respect to Plaintiff's future wage and earning capacity claims.

The burden then shifts to Plaintiff to point to any competent summary judgment evidence in the form of "medical evidence" that Plaintiff suffers a "residual disability causally related to the accident."[30] Plaintiff points to Drs. Myers and Pinto's medical records, detailing her future medical treatment "directly related to her vehicle accident of August 17, 2022."[31] And Plaintiff therefore argues that the "medical evidence that plaintiff is likely to require future medical treatment, including surgical intervention," creates a genuine issue of material fact as to the future lost wages and earning capacity claims. She also argues that her "deposition testimony demonstrates that she has experienced a past loss of wages and future inability to obtain more strenuous and higher paying positions as a result of her injuries."[32]

Louisiana courts have regularly "denied damages for loss of future wages in a case where there was no medical testimony demonstrating that the plaintiff was disabled."[33] This is because "[m]edical testimony that a plaintiff either cannot work, or has a reduced capacity to work, is essential to establishing a loss of future income."[34] "A plaintiff's testimony may be sufficient evidence of loss of future earnings provided that the fact that the disability has caused an inability to work has been proven by medical testimony."[35] Therefore, while the testimony of rehabilitative or economic experts is not required to support Plaintiff's claim, she must nevertheless

---

[30] *Bize*, 408 So. 2d at 1312.

[31] *See* Doc. 60 at 4–5.

[32] *Id.* at 6.

[33] Pontiff v. Pecot & Assoc. Rehab. & Physical Therapy Servs., Inc., 780 So. 2d 478, 487 (La. App. 3d Cir. 2001) (citing Broussard v. Romero, 691 So. 2d 1265 (La. App. 3d Cir. 1997)). *See also, e.g.*, Davis v. Foremost Diaries, 58 So. 3d 977, 992 (La. App. 2d Cir. 2011).

[34] *Pontiff*, 780 So. 2d at 487.

[35] *Id.*

6

support this claim with some sort of "medical testimony" that she has a residual disability limiting her ability to work.[36]

Plaintiff acknowledges that—in the almost two years following the August 2022 accident—"no physician has placed any work restrictions on her."[37] She does not offer any rehabilitative or economic expert opinions as to whether her ability to work will be limited. Further, the medical records of Drs. Myers and Pinto cited by Plaintiff do not reference any residual disability caused by the August 2022 accident. The medical records merely provide that Plaintiff may need surgery if more conservative treatments fail to relieve her pain.[38] Medical evidence of discomfort still existing at the time of Plaintiff's last examination is, however, not inherently medical evidence of a "residual disability" limiting her ability to work and is therefore insufficient to support her claims for future lost wages and earning capacity.[39]

And Plaintiff's self-serving testimony that she has considered other higher-paying jobs but would be precluded from taking them due to physical demand, increased pain levels, and medication alone are insufficient to show the existence of an issue of material fact.[40] While Plaintiff testified that she is a Registered Nurse Ambulatory Coordinator and now has pain and difficulty

---

[36] *Cf.* Hammons v. St. Paul, 101 So. 3d 1006, 1012 (La. App. 4th Cir. 2012) (finding that the trial court did not err in denying the defendants' Motion for a Directed Verdict on the plaintiff's loss of future wages claim where his treating physicians did not place physical restrictions on the plaintiff *but* a vocational and rehabilitation counselor found that "plaintiff's only option was to limit his [work] activities and place his body at risk for a shortened career as a carpenter").

[37] Doc. 60-1 at 2.

[38] Doc. 60 at 11; Doc. 60-3.

[39] *See* Hall v. La. Coca-Cola Bottling Co., Ltd., 444 So. 2d 747, 748 (La. App. 4th Cir. 1984) (citing *Bize*, 408 So. 2d at 1311–12) (finding no medical evidence of a residual disability where the physician's testimony "is that there could be low back pain from time to time" and the plaintiff fails to "testify that his pain is so constant and intense as to be disabling").

[40] *Bize*, 408 So. 2d at 1312.

traveling to various clinics located throughout New Orleans,[41] Plaintiff fails to point to any "medical evidence in support of lay testimony as to continuing disability and causation thereof" or even argue that the difficulties are disabling.[42] The expert disclosure deadlines have passed in this case, and the Court has no present "duty to sift through the record in search of evidence to support a party's opposition to summary judgment."[43] Accordingly, summary judgment on Plaintiff's future lost wages and earning capacity claims is warranted.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment or Alternatively Motion in Limine (Doc. 48) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

New Orleans, Louisiana this 5th day of August, 2024.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[41] Doc. 60-2 at 19. For example, Plaintiff testified that she has 12 clinics in one building, a clinic in Mid City, and a clinic on Tchoupitoulas. *Id.*
[42] *Bize*, 408 So. 2d at 1312.
[43] Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir. 1994) (quoting Skotak v. Tenneco Resins, Inc., 953 F.2d 915 n.7 (5th Cir. 1992)) (internal quotations omitted).